Allison C. Eckstrom, California Bar No. 217255
allison.eckstrom@bclplaw.com
Christopher J. Archibald, California Bar No. 253075
christopher.archibald@bclplaw.com
Amelia Alvarez, California Bar No. 310044
amelia.alvarez@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
1920 Main Street, Suite 1000
Irvine, California 92614-7276
Telephone:    (949) 223-7000
Facsimile:    (949) 223-7100

Attorneys for Defendant Walgreen Co.

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

## SACRAMENTO DIVISION

| | |
|---|---|
| JEFFERY DORSCHEL, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WALGREEN CO., an Illinois Corporation; and DOES 1 to 100,<br><br>Defendants. | Case No.<br><br>(Placer County Superior Court Case No. S-CV-0052570)<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT WALGREEN CO.**<br><br>**[DIVERSITY JURISDICTION]** |

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CA 92614-7276

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CA 92614-7276

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF JEFFERY DORSCHEL AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Walgreen Co. ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California for the County of Placer, to the United States District Court for the Eastern District of California pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446, on the grounds that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

## PROCEDURAL BACKGROUND

1.     On April 3, 2024, Plaintiff Jeffery Dorschel ("Plaintiff") commenced a lawsuit against Defendant in the Superior Court of the State of California for the County of Placer, entitled "*Jeffery Dorschel, individually, and on behalf of all others similarly situated, Plaintiff, v. Walgreen Co., an Illinois Corporation; and Does 1-20, Defendants*," Case No. S-CV-0052570.

2.     On April 17, 2024, Plaintiff served Defendant's agent for service of process with the following documents: (a) Summons; (b) Complaint; (c) Civil Case Cover Sheet; and (d) Notice of Case Management Conference.  A true and correct copy of the Summons is attached hereto as "**Exhibit 1**."  A true and correct copy of the Complaint is attached hereto as "**Exhibit 2**."  A true and correct copy of the Civil Case Cover Sheet is attached hereto as "**Exhibit 3**."  A true and correct copy of the Notice of Case Management Conference is attached hereto as "**Exhibit 4**."

3.     On May 10, 2024, Defendant filed its Answer to Plaintiff's Complaint, a true and correct copy of which is attached hereto as "**Exhibit 5**."

4.     Exhibits 1 through 5 to this Notice of Removal constitute all pleadings, process, and orders served in this action at the time of removal.

5.     Plaintiff alleges the following causes of action against Defendant: (1) Violation of Whistleblower Protection laws, Labor Code § 1102.5 (a) and (b); (2) Wrongful Termination in Violation of Public Policy; (3) Failure to Provide Paid Sick Leave; (4) Failure to Provide Accurate Wage Statements; (5) Violation of California Unfair Competition Law, Bus. & Prof. Code § 17200 *et seq.*; (6) Failure to Provide Payroll Records Upon Request; and (7) Civil Penalties Pursuant to

1

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CA 92614-7276

Private Attorney General Act, Labor Code § 2698 *et seq.* *See generally* Ex. 2, Compl.

6. Pursuant to 28 U.S.C. section 1446(d), Defendant will provide prompt written notice of this Notice of Removal to all adverse parties and to the Clerk of the state court.

## REMOVAL IS TIMELY

7. This action has not previously been removed to federal court.

8. A case may be removed at any time, provided that neither of the two 30-day periods under 28 U.S.C. sections 1446(b)(1) and (b)(3) has been triggered. *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1126 (9th Cir. 2013).

9. 28 U.S.C. section 1446(b)(1) provides that, "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."

10. "[N]otice of removability under § 1446(b)(1) is determined through examination of the four corners of the applicable pleadings[.]" *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005). The Complaint does not "reveal[] on its face the facts necessary for federal court jurisdiction." *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) (quoting *Harris*, 425 F.3d at 691-92). Specifically, it does not reveal on its face that the amount in controversy exceeds $75,000 for traditional diversity purposes.

11. Plaintiff has never served Defendant with an "other paper" sufficient to trigger the second 30-day clock. 28 U.S.C. § 1446(b)(3).

12. Because (a) neither of the two 30-day periods under 28 U.S.C. § 1446(b)(1) and (b)(3) have been triggered; and (b) Defendant filed this Notice of Removal within thirty (30) days of being served on April 17, 2024, Defendant's removal is timely.

## PLAINTIFF'S COMPLAINT IS SUBJECT
## TO REMOVAL BASED ON DIVERSITY GROUNDS

13. This is a civil action of which this Court has original diversity jurisdiction under 28 U.S.C. § 1332(a), and is properly removable pursuant to the provisions of 28 U.S.C. sections 1441(a) and (b), because it is a civil action in which (1) there is complete diversity of citizenship between

NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT WALGREEN CO.

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CA 92614-7276

Plaintiff and Defendant, citizens of different states; and (2) the amount-in-controversy exceeds $75,000, exclusive of interest and costs.

**Complete Diversity of Citizenship Exists Between Plaintiff and Defendant**

14.    **Plaintiff is A Citizen of California**.  A person is a "citizen" of the state in which he is domiciled.  *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  A person's domicile is the place he resides with the intention to remain or to which he intends to return.  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  Plaintiff alleges that he is a California resident.  (Ex. 2, Compl., ¶ 4).  He claims that he worked for the Defendant in California from April 2021 to October 2023.  *Id*.  Throughout his entire employment, Plaintiff was employed by Defendant in California and maintained a residential address in California.  (Declaration of Christina Paulausky ("Paulausky Decl."), ¶¶ 2-3).  Therefore, Plaintiff resided in California at the time the action was commenced and for at least three years before that time.  Moreover, there is a presumption of citizenship in favor of a party's established domicile.  *Tachibana v. Colorado Mountain Dev., Inc.*, No. CIV 07-00364SPKBMK, 2007 WL 2916134, at *1 (D. Haw. Oct. 2, 2007), report and recommendation adopted, No. 07-00364 SPK-BMK, 2007 WL 4162857 (D. Haw. Nov. 21, 2007).  As such, Plaintiff is, and at all times since the commencement of this action has been, a resident and citizen of California.

15.    **Defendant Walgreen Co. is a Citizen of Illinois.**  At the time of the filing of this action, Defendant Walgreen Co. was, and still is, a corporation incorporated under the laws of the State of Illinois with its principal place of business in Illinois.  (Declaration of Joseph B. Amsbary, Jr. ("Amsbary Decl."), ¶2).

16.    Pursuant to 28 U.S.C. § 1332(c), a corporation shall be deemed to be a citizen of any state by which it has been incorporated and of the state where it has its principal place of business.  The Supreme Court has established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction.  *Hertz Corp. v. Friend*, 559 U.S. 77 (2010).  The Court held that the "'principal place of business' [as set forth in section 1332(c)] is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities."  *Id*. at 92-93.  The Court further clarified that the principal place of business was the

3

place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination." *Id.* at 93; *see also Montrose Chemical v. American Motorists Ins. Co.*, 117 F.3d 1128, 1134 (9th Cir. 1997) (holding that a corporation's principal place of business is the state in which it performs a substantial predominance of its corporate operations and, when no state contains a substantial predominance of the corporation's business activities, then the corporation's principal place of business is the state in which the corporation performs its executive and administrative functions).

17.    Defendant Walgreen Co.'s corporate headquarters are located in Deerfield, Illinois where its officers direct, control and coordinate Defendant Walgreen Co.'s activities. (Amsbary Decl., ¶ 2).  Defendant Walgreen Co.'s operations are managed from its corporate headquarters, including, but not limited to, those operations relating to administering company-wide policies and procedures, legal affairs, and general business operations. (*Id.*)

18.    Thus, for diversity purposes, Defendant Walgreen Co. is a citizen of Illinois.

19.    The diversity requirement of 28 U.S.C. section 1332(a) is met in this action because Plaintiff and Defendant are citizens of different states.  28 U.S.C. § 1332(a)(1).  Plaintiff is a citizen of California.  (Ex. 2, Compl., ¶ 4; Paulausky Decl., ¶¶ 2-3).  Defendant Walgreen Co. is a citizen of Illinois.  (Amsbary Decl., ¶ 2).  Therefore, the requisite diversity exists between the parties.

20.    **The Citizenship of "Doe Defendants" Must Be Disregarded.**  The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal.  28 U.S.C. § 1441(b)(1).

### The Alleged Amount In Controversy Exceeds $75,000[1]

21.    While Defendant denies any liability as to Plaintiff's claims, the amount in controversy in this action exceeds the sum of $75,000.  To satisfy the amount in controversy of $75,000, exclusive of interest and costs, is not "daunting," as courts in the Ninth Circuit recognize that a removing defendant is not obligated to "research, state and prove the plaintiff's claim for damages." *Muniz v. Pilot Travel Centers LLC*, No. CIV. S-07-0325 FCD EFB, 2007 WL 1302504,

---

[1] Defendant denies any liability whatsoever with respect to Plaintiff's claims.  The sole purpose of this removal is to establish the amount that is in controversy with respect to Plaintiff's claims.

NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT WALGREEN CO.

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CA 92614-7276

*2 (E.D. Cal., May 1, 2007). Defendant need only "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" $75,000. *Guglielmino v. McKee Foods Corp.*, 56 F.3d 696, 699 (9th Cir. 2007). Thus, "[o]nce the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses federal jurisdiction." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005).

22.     The amount in controversy is determined from the allegations and prayer of the complaint. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938). If the complaint does not, on its face, reflect the amount in controversy, the Court may consider facts from the removal petition, as well as evidence submitted by the parties, relevant to the amount in controversy at the time of removal. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

23.     Plaintiff alleges the following causes of action against Defendant: (1) Violation of Whistleblower Protection laws, Labor Code § 1102.5 (a) and (b); (2) Wrongful Termination in Violation of Public Policy; (3) Failure to Provide Paid Sick Leave; (4) Failure to Provide Accurate Wage Statements; (5) Violation of California Unfair Competition Law, Bus. & Prof. Code § 17200 *et seq.*; (6) Failure to Provide Payroll Records Upon Request; and (7) Civil Penalties Pursuant to Private Attorney General Act, Labor Code § 2698 *et seq*. *See generally* Ex. 2, Compl.

24.     Plaintiff seeks penalties and liquidated damages under the California Labor Code on behalf of himself and others similarly situated; compensatory damages, including but not limited to, unpaid wages, plus interest; punitive damages; attorney's fees and costs; and prejudgment and post-judgment interest. *See* Ex. 2, Compl., Prayer for Relief, ¶¶ 1-8.

25.     **Lost Wages.** Defendant expressly denies that Plaintiff is entitled to recover lost wages as it denies that Plaintiff can recover on his underlying claims. However, for purposes of calculating the amount in controversy, Plaintiff's monthly salary was $7,228.01 ($86,736.12 / 12) at the time of his termination. (Paulausky Decl., ¶ 4). Plaintiff's employment ended on October 11, 2023, which was seven (7) months before the date of removal. (Paulausky Decl., ¶ 2). Therefore, for purposes of calculating the amount in controversy, Plaintiff's past lost wages at the time of removal is $**50,596.07** ($7,228.01 x 7 months).

///

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CA 92614-7276

NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT WALGREEN CO.

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CA 92614-7276

26.    **Civil Penalty Pursuant to Labor Code Section 1102.5(f).**  Defendant expressly denies that Plaintiff is entitled to recover any penalty pursuant to Labor Code section 1102.5, as it denies that Plaintiff can recover on his underlying retaliation claim.  However, for purposes of calculating the amount in controversy, Labor Code section 1102.5(f) provides for a civil penalty in an amount not to exceed $10,000 for each violation of Labor Code section 1102.5.  Cal. Lab. Code § 1102.5.  Where a statutory maximum is specified, courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met.  *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1046 n. 3 (9th Cir. 2000) (citing *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)); *Davenport v. Mut. Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963).  In *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199 (E.D. Cal. 2008), the court considered the maximum penalty when the plaintiff alleged that he as "entitled to civil penalties in amounts up to one thousand dollars ($1,000) per violation."  Here too, Plaintiff seeks to recover up to the statutory maximum penalty of $10,000. (Ex. 2, Compl., Prayer for Relief, ¶ 1).  Therefore, Plaintiff's claim for violation of Labor Code section 1102.5 places an additional **$10,000** into controversy.

27.    **Emotional Distress and Mental Suffering.**  Defendant expressly denies that Plaintiff is entitled to recover emotional distress damages as it denies that Plaintiff can recover on his underlying claims.  However, for purposes of calculating the amount in controversy, Plaintiff's complaint seeks unspecified damages for "emotional distress, humiliation, shame, and embarrassment."  (*See, e.g.*, Compl., ¶ 32).  Emotional distress damages are properly considered in the amount in controversy for jurisdiction purposes.  *See, e.g.*, *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F.Supp.2d 1246, 1250 (C.D. Cal. 2012); *see also Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1034 (N.D. Cal. 2002) ("In fact, emotional distress damages may be considered when calculating the amount in controversy even where not clearly pled in the complaint."). "To establish the amount of emotional distress in controversy, a defendant may introduce evidence of jury verdicts in other cases."  *Cain*, 890 F.Supp.2d at 1250 (C.D. Cal. 2012) (citing *Rivera v. Costco Wholesale Corp.*, No. C 08-02202 CW, 2008 WL 2740399, at *1 (N.D. Cal. July 11, 2008)).

NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT WALGREEN CO.

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CA 92614-7276

28.     In *Giunta v. California Department of Education*, 2016 WL 8459879 (Sacramento County Superior Court 2016), plaintiff, a supervising dental assistant alleged a claim for violation of Labor Code section 1102.5. She claimed that he was retaliated against and terminated for reporting an activity that could threaten the health and safety of employees. The jury agreed and awarded her $990,000 in emotional distress damages. (Declaration of Christopher J. Archibald, "Archibald Decl."), ¶ 2, Ex. 1.

29.     In *Carroll v. Armstrong*, 2016 WL 7094518 (Sacramento County Superior Court 2016), plaintiff was employed as staff counsel, and she reported that her supervisors' mismanagement constituted unlawful conduct. Plaintiff reported suspected misappropriation of Title I funds to CDE. She alleged that her employer retaliated against her by denying her a raise, placing her on leave, and terminating her employment in violation of Labor Code section 1102.5. The jury awarded her $750,000, all for emotional distress damages. (Archibald Decl., ¶ 3, Ex. 2).

30.     In *Garcia v. California Department of Education*, 2000 WL 33310820 (Sacramento County Superior Court 2000), plaintiff was employed as an educational consultant by the California Department of Education ("CDE"). Plaintiff reported suspected misappropriation of Title I funds to CDE. Thereafter, he reported CDE's failure to investigate and correct the misappropriations. He alleged that CDE retaliated against him by taking away his job responsibilities in violation of Labor Code section 1102.5. The jury awarded him $125,000, all for emotional distress damages. (Archibald Decl., ¶ 4, Ex. 3).

31.     Juries award significant emotional distress damages in retaliation cases. The emotional distress awards in the sampling of the cases set forth in this removal were $990,000, $750,000, and $125,000. Therefore, the amount in controversy with respect to Plaintiff's request for emotional distress damages is at least **$50,000**.

32.     **Failure to Provide Paid Sick Leave**. Defendant expressly denies that Plaintiff is entitled to recover any penalty as it denies that Plaintiff can recover on his underlying sick leave claim. However, for purposes of calculating the amount in controversy, Plaintiff's complaint seeks unspecified damages for "his daily rate of pay multiplied by thirty (30) days." (*See, e.g.*, Compl., ¶ 38). At the time of his termination, Plaintiff's daily rate of pay was $333.60 ($86,736.12 / 52 / 5).

7

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CA 92614-7276

Therefore, the amount in controversy with respect to Plaintiff's sick leave claim is at least **$10,008.01** ($333.60 x 30)

33. **Failure to Provide Accurate Wage Statements**. Defendant expressly denies that Plaintiff is entitled to recover any penalty as it denies that Plaintiff can recover on his underlying claims. However, for purposes of calculating the amount in controversy, Plaintiff's complaint seeks unspecified damages for failure to provide accurate wage statements. (*See, e.g.*, Compl., ¶ 43).

34. California Labor Code section 226(a) states that every employer shall furnish his or her employees an accurate itemized wage statement in writing showing nine specific categories of information. If an employer fails to do so, California Labor Code section 226(e) provides for the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurred and one hundred dollars ($100) for each subsequent pay period, up to a maximum of $4,000 per individual. Cal. Lab. Code § 226(e). The applicable statute of limitations is one year. Cal. Code Civ. Proc. § 340(a).

35. Plaintiff alleges that Defendant "failed to list on the wage statements provided to Plaintiff and similarly situated employees all paid sick leave accrued." (Ex. 2, Compl., ¶ 41). Plaintiff's Complaint does not identify the allegedly aggrieved employees. However, Plaintiff received at least (7) wage statements in the year preceding the filing of this action on April 3, 2024. (Paulausky Decl., ¶ 5).

36. The amount in controversy with respect to Plaintiff's wage statement claim is at least **$650.00** (i.e., $50.00 [penalty for initial violation of Labor Code section 226] + ($100.00 [penalty for subsequent violation of Labor Code section 226] x 6 [number of subsequent wage statements Plaintiff received between April 4, 2023 and termination])). (Paulausky Decl., ¶ 5).

37. **Failure to Provide Payroll Records Upon Request**. Defendant expressly denies that Plaintiff is entitled to recover any penalty as it denies that Plaintiff can recover on his underlying claims. However, for purposes of calculating the amount in controversy, Plaintiff's complaint seeks $750.00 for Defendant's alleged failure to provide payroll records upon request. (*See,* Ex., 2, Compl., ¶¶ 49-52). The amount in controversy with respect to this claim is at least **$750.00**.

///

NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT WALGREEN CO.

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CA 92614-7276

38. **Punitive Damages**. Defendant expressly denies that Plaintiff is entitled to recover punitive damages as it denies that Plaintiff can recover on his underlying claims. However, for purposes of calculating the amount in controversy, Plaintiff's complaint seeks an unspecified amount for punitive damages. (Ex. 2, Compl., Prayer for Relief, ¶ 6). Punitive damages, which are typically a multiple, of compensatory damages, are properly considered in the amount in controversy for jurisdiction purposes. *See Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law).

39. In *Amigon v. Cobe Color Cosmetics*, 2009 WL 7497138 (Los Angeles County Superior Court 2009), a Los Angeles jury awarded a plaintiff $52,000 in punitive damages in a case where the plaintiff alleged, *inter alia*, retaliation and wrongful termination. (Archibald Decl., ¶ 5, Ex. 4). Similarly, in a recent Central District case where the Plaintiff alleged, *inter alia*, retaliation under the California Fair Employment and Housing Act, the Court concluded that, based on recent jury verdicts in Southern California, the plaintiff "could receive punitive and emotional distress damages that, standing alone, could meet the $75,000 jurisdictional minimum. . . ." *Stainbrook v. Target Corporation*, No. 16-cv-00090-ODW, 2016 WL 3248665, at *4 (C.D. Cal. June 8, 2016). Therefore, in light of that guidance combined with the available jury verdicts, it is reasonable to assume that the amount in controversy with respect to Plaintiff's request for punitive damages is at least **$50,000**.

40. **Attorneys' Fees.** Plaintiff seeks attorneys' fees in connection with his claims. (Ex. 2, Compl., Prayer for Relief, ¶ 4). Attorneys' fees are properly included in the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for attorneys' fees to be included in amount in controversy); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (attorneys' fees included in determining jurisdictional amount).

41. When, as here, a plaintiff seeks to recover attorneys' fees, the court must consider future attorneys' fees when determining the amount in controversy. *Fritsch v. Swift Transportation Company of Arizona, LLC*, No. 18-55746, 2018 WL 3748667 (9th Cir. Aug. 8, 2018).

NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT WALGREEN CO.

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CA 92614-7276

42.     Defendant expressly denies that Plaintiff is entitled to recover attorneys' fees as it denies that Plaintiff can recover on his underlying claims.  However, courts have determined that a reasonable, conservative estimate for attorneys' fees in an employment case is to multiply an average hourly rate of $300 with an estimated 100 hours of work.  *See, e.g., Aguilar v. Wells Fargo Bank, N.A.*, No. ED CV 15-01833-AB (SPx), 2015 WL 6755199 (C.D. Cal. Nov. 4, 2015); *Garcia v. ACE Cash Express, Inc.*, No. SACV 14–0285–DOC (RNBx), 2014 WL 2468344 (C.D. Cal. May 30, 2014), at \*5; *Sasso v. Noble Utah Long Beach, LLC*, No. CV 14-09154-AB (AJWx), 2015 WL 898468, at \*6 (C.D. Cal. March 3, 2015); *Ponce V. Medical Eyeglass Center, Inc.*, No. 2:15–CV–04035–CAS (JEMx), 2015 WL 4554336 (C.D. Cal. July 27, 2015), at \*4; *see also Simmons*, 209 F.Supp.2d at 1035 (recognizing that "attorneys' fees in individual discrimination cases often exceed the damages").  Therefore, this Court should adhere to this same conservative estimate and conclude that Plaintiff's demand for attorneys' fees adds at least **$30,000** to the amount in controversy.

43.     **Amount in Controversy**.  Therefore, ***excluding*** the additional amounts in controversy relating to Plaintiff's alleged representative claims, which will only serve to further increase the amount in controversy, Plaintiff's alleged damages place into controversy at least **$202,004.08**, as summarized below:

| Claim | Amount in Controversy |
|---|---|
| Lost Wages | **$50,596.07** |
| 1102.5 Civil Penalty | **$10,000.00** |
| Emotional Distress | **$50,000.00** |
| Failure to Provide Paid Sick Leave | **$10,008.01** |
| Failure to Provide Accurate Wage Statements | **$650.00** |
| Failure to Provide Payroll Records Upon Request | **$750.00** |
| Punitive Damages | **$50,000.00** |
| Attorneys' Fees | **$30,000.00** |
| **Total:** | **$202,004.08** |

NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT WALGREEN CO.

44.     Based upon the foregoing, the amount in controversy in this action easily exceeds the jurisdictional minimum of $75,000.

45.     For these reasons, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. section 1332, and which may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

**THE PROCEDURAL REQUIREMENTS OF 28 U.S.C. § 1446 ARE SATISFIED**

46.     In accordance with 28 U.S.C. §1446(a), this Notice of Removal is filed in the District in which the action is pending.  The Placer County Superior Court is located within the Eastern District of California.  Therefore, venue is proper in this court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

47.     In accordance with 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon Defendant are attached as Exhibits 1-5 to this Notice.

48.     In accordance with 28 U.S.C. §1446(d), a copy of this Notice is being served upon Plaintiff, and a notice will be filed with the Clerk of the Superior Court of California for the County of Los Angeles.  Notice of Compliance shall be filed promptly afterwards with this court.

49.     As required by Federal Rule of Civil Procedure 7.1 and Local Rule 7-1.1, Defendant concurrently filed its Certificate of Interested Parties.

**CONCLUSION**

For the foregoing reasons, Defendant hereby removes the above-entitled action to United States District Court for the Eastern District of California.

Dated:  May 16, 2024

**BRYAN CAVE LEIGHTON PAISNER LLP**
Allison C. Eckstrom
Christopher J. Archibald
Amelia Alvarez

By: _____
Christopher J. Archibald
Attorneys for Defendant Walgreen Co.

BRYAN CAVE LEIGHTON PAISNER LLP
1920 MAIN STREET, SUITE 1000
IRVINE, CA  92614-7276

11
NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT WALGREEN CO.